Topkis (et ux., Appellants) *v.* Rosenzweig et al.

Argued December 7, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Philip Dorfman,* with him *J. Jerome Katz,* for appellant.

*H. Rook Goshorn* and *Harry S. Ambler, Jr.,* for appellee, were not heard.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

The one question here presented is whether a policy of liability insurance upon a rented automobile, by an exception clause, excludes from its coverage the liability of the driver for injuries sustained by a third person while riding therein.

On March 18, 1930, the defendant rented an automobile from Hertz Driv-Ur-Self Company, which was covered by a certain policy of liability insurance then in force, issued by the garnishee, Continental Casualty Company, for the protection of the Hertz company and all bailees renting cars from it. The policy, which insured against liability for damages arising from the operation of the automobile, was subject to certain exceptions therein set forth. One such exception reads as follows: "This policy does not cover, . . . any liability of the renter or driver in respect to injuries . . . sustained by any person while riding in or alighting from, or getting into or upon any of the automobiles insured hereunder."

On the day mentioned, the wife-plaintiff was injured by the car which plaintiff was driving, while she was crossing the intersection of 10th and Walnut Streets, Philadelphia. In response to the inquiry whether she wished to go to a hospital, plaintiff states that she asked defendant to take her to her home. She thereupon entered the rented automobile to be driven to her home at 6244 Webster Street, Philadelphia. While the car was proceeding there, defendant collided with a concrete

traffic standard at 44th and Walnut Streets, as a result whereof the plaintiff was severely injured.

This action was instituted to recover damages for the injuries sustained by the plaintiff in both accidents, alleged to have been caused by defendant's negligent operation of the automobile. At trial the court entered a compulsory nonsuit with respect to the accident which occurred at 10th and Walnut Streets, but submitted to the jury the questions involved in the one which took place at 44th and Walnut Streets. The jury returned a verdict for plaintiffs. No exceptions or appeals were taken by either party to the nonsuit or verdict.

Thereafter plaintiffs caused a writ of attachment sur judgment to issue, in which the Continental Casualty Company was named as garnishee. The issue framed by the interrogatories and answers was tried before the court without a jury, pursuant to the Act of June 25, 1937, P. L. 2090. The garnishee in its answer disclaimed liability, relying principally upon the provision of the policy which excluded coverage of any person while riding in the rented vehicle. It offered no evidence, but submitted a point for binding instructions. The court below found in favor of the garnishee, holding that the clause of the policy was decisive of its nonliability to plaintiffs. This appeal is from the refusal of plaintiffs' motions for new trial and for judgment non obstante veredicto.

While it is the rule that if doubt exists as to the meaning of the language used in a policy of insurance, it is to be so interpreted that the insured shall not be deprived of the indemnity provided for under its terms: *Hesse v. Traveler's Ins. Co.*, 299 Pa. 125, 128, nevertheless it is settled that where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says. It must be given the plain and ordinary meaning of the terms used: *Skelly v. Fidelity and Casualty Co. of N. Y.*, 313 Pa. 202, 205. In the policy now before us there is no ambiguity in the particular

clause upon which the garnishee relies to relieve it of liability. Its meaning is as clear as the use of words can make it. It says, in effect, that there shall be no indemnity undertaking on the part of the company for injuries sustained by a person while riding in the rented car. It is clearly intended by its terms to exclude all liability for such an accident as that with which we are now dealing.

It is frankly conceded by plaintiffs that "if this clause is to be construed literally then obviously the plaintiff cannot recover." But no interpretation of the contract which would enlarge the coverage of the policy and increase the liability of the garnishee-insurer could be justified in view of the unequivocal language of the clause in question. The parties had the right to make their own contract, and it is not the function of this Court to rewrite it, or to give it a construction in conflict with the accepted and plain meaning of the language used: *Bole v. New Hampshire Fire Ins. Co.*, 159 Pa. 53; *Levinton v. Ohio Farmers Ins. Co.*, 267 Pa. 448; *Urian v. Scranton Life Ins. Co.*, 310 Pa. 144.

The wife-plaintiff asserts that she was not riding in the automobile voluntarily or as an invited guest, but was being driven to her home by defendant, pursuant to the duty imposed upon him by Article X, Section 1025(b) of The Vehicle Code,* which requires the driver of a vehicle involved in an accident to render assistance to the person injured. Therefore, plaintiff says, the exception clause in the policy should be construed in the light of the particular circumstance and not literally against her right to recover. We see no merit in this

---

* Article X, Section 1025(b) of The Vehicle Code reads as follows: "The driver and owner, if present, of any vehicle involved in any accident, . . . shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person."

contention. If the statutory requirement to render assistance could be so interpreted as to place upon defendant the obligation to transport the wife-plaintiff, in the manner as it was done here, such provision certainly cannot broaden the coverage of the policy, nullify a clause of exception therein, or otherwise affect the contractual relation of the garnishee with the renter or driver of the automobile.

The order of the court below is affirmed.