Harry B. Frank, J.
Defendants, insurance companies, move for an order permitting the taking of a deposition of the wife of the deceased as a witness. Plaintiff cross-moves for summary judgment.
Apart from the question whether deceased’s wife may be examined as a witness, determination of both motions rests on the question whether a defense of material misrepresentation in the application and medical statement of the deceased is available to the insurer.
Defendants issued a joint group policy to the policy holder; the defendant Crosby Plans Corporation and the defendant bank is custodian in connection therewith. Deceased had made a purchase of Mutual Fund shares which included insurance on his life. He paid the premiums and designated the plaintiff infant as beneficiary. The amount of insurance is equal to the amount of the balance of the purchase price remaining unpaid at death. Despite the machinery employed, insurance was obtained on the life of the purchaser and the principal of that insurance was the full value of the shares purchased and diminishing as payments were made thereon during the lifetime of the insured. The defendant Crosby Plans Corporation is the policyholder, not a beneficiary. The purchaser and certificate holder is the insured with named beneficiary.
It is conceded that the application and medical statement are not attached to the certificate (Insurance Law, § 142). It does not appear they are attached to the master policy. It is asserted that those documents were delivered to the policyholder for submission to the insurers for their approval of the application. It is not shown they were thereafter returned to the policyholder. *733 The purpose of attachment is to enable the insured or his beneficiary during the lifetime of the insured, to examine and to correct any error.
Defendants urge that section 142 is inapplicable and that the policy and certificate are governed by section 161 of the Insurance Law. The latter provides:
“ [T]hat no statement made by any person insured under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such person’s lifetime and in no event unless it is in a written instrument signed by him copy of which is or has been furnished to such person or to his beneficiary. (Emphasis supplied.)
“ No policy of group life insurance shall be delivered or issued for delivery in this state unless it contains in substance the following provisions or provisions which in the opinion of the superintendent are more favorable to certificate holders, if any, or not less favorable to certificate holders and more favorable to policy holders ’ ’.
At best, the purpose of attachment (Insurance Law, § 142) is served by requirement to furnish (Insurance Law, § 161). In this instance the group policy provides: ‘ ‘ and a copy of the instrument containing the statement is or has been furnished to the Debtor or to his estate.” (Emphasis supplied.) Defendants state that the form was approved by the Superintendent of Insurance. However, subdivision 3 of section 143 of the Insurance Law, thereof, provides: “In any action to recover under the provisions of any such policy or contract which the superintendent is authorized by this chapter to approve if in his opinion its provisions are more favorable to policyholders, the court shall enforce such policy or contract as if its provisions were the same as those specified in this chapter unless the court finds that its actual provisions were more favorable to the policyholders at the date when the policy was issued. ’ ’ In construing section 161 and the approved form, the question of attachment of the subject documents to the master policy is irrelevant and, therefore, Layman v. Continental Assur. Co. (416 Pa. 155) relied on by defendants is not applicable. That case arose in Pennsylvania. The court held merely that attachment to the certificate is not required by statute. However, the court did not discuss the question whether statute required that copies be furnished otherwise to anyone and it is not shown that such a statute as section 161 of the New York Insurance Law exists in the State of Pennsylvania.
*734 In the light of the common purpose of sections 142 and 161, delivery of a copy to the estate is not compliance. First, the estate is not a party in interest in the insurance, and delivery to the estate cannot assist in correction of error in the lifetime of the insured. The estate is not “necessarily always interested” as defendants argue, and could be only fortuitously, in the event there has been no designated beneficiary. In the absence of a beneficiary, the insurer is not excused from furnishing a copy to fulfill the statutory purpose. In addition, it cannot be said as a matter of law that delivery to the debtor or estate is in the light of the statutes as favorable as delivery to the insured or to his beneficiary. The accommodation to the character of the transaction, including its insurance factor, has not served the statutory purpose and scheme.
In support of claimed compliance, defendants rely on Coleman v. Ætna Life Ins. Co. (261 F. 2d 296). There, the court stated (p. 299): “ Plaintiff also relies upon a provision in the group insurance policy which provides: ‘ No written statement made by any insured employee shall be used in any contest unless a copy of the instrument is or has been furnished to such employee or his beneficiary. ’ We think there was a sufficient compliance with this provision when defendant served its answer setting forth the affirmative defense of misrepresentation and attached thereto a copy of insured’s application for coverage under the group policy.” This was stated in relation to a contract provision. But, the court added: ‘ ‘ There is no requirement in the Illinois Insurance Code or under the provisions of the policy that requires a copy to be furnished at an earlier date.” In construing the New York statute, the court reaches the conclusion, that there must be delivery in this instance to one of those persons mentioned in the statute since the modified form is not adopted (Insurance Law, § 143) and strict construction must require such compliance as will serve the statutory purpose. Compliance after death is late.
Defendants urge further that an issue of fact remains as to-possession by the deceased of a copy of the application as to which no competent proof has been offered. The question is not possession, but statutory delivery. Apart therefrom, the deceased’s wife attests she was not given a copy, has no knowledge that her deceased husband received one and had not seen a copy of the application or medical statement until they appeared as part of defendants ’ answer. A matter of this character is certainly to be regarded as office record. The defendants submit no proof of furnishing a copy save by affidavit of mailing *735 on December 21, 1961. Defendant Crosby Plans Corporation states it has no knowledge whether copies were furnished to the insured or to his beneficiary.
This motion is denied and the cross motion is granted.