188

NANCY M. ROBINS, an Infant, by Her Guardian ad Litem, GERTRUDE ROBINS, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Appellants, et al. Defendants.

First Department, March 7, 1967.

*William P. Hindman, Jr.,* of counsel (*Richard R. Lutz* with him on the brief; *Townley, Updike, Carter & Rodgers,* attorneys), for appellants.

*Morris Aarons* of counsel (*Joan L. Ellenbogen* with him on the brief; *Morris Aarons,* attorney), for respondent.

*Per Curiam.* This is an equitable action under a pair of group creditor life insurance policies. The plaintiff, a minor, sues as the beneficiary of an installment contract made by her deceased father, Moe D. Robins, for the purchase of shares in Fidelity Fund, Inc., a mutual fund (the contract is not made part of the record). At the time of the purchase of the shares from the seller, Crosby Plans Corporation ("Crosby"), there were in existence group creditor life insurance policies issued

by the defendant-appellant insurers insuring the lives of the debtors of the policy holder, Crosby, to the extent of their respective indebtedness to Crosby arising out of the contracts for installment purchases of the Fidelity shares. Upon the death of an insured debtor, the insurance proceeds are payable to defendant Chemical Bank New York Trust Company as custodian for Crosby.

In connection with his purchase on February 11, 1964 Robins delivered to his broker a life insurance statement and statements to medical examiner containing representations as to his health and as to his treatment by physicians. These statements were transmitted to Crosby, which reviewed them and submitted them to the insurers for approval. The insurers gave their approval on February 3, 1964 and a certificate of life insurance protection under the creditor policies was issued in the name of Robins. Robins died on March 10, 1964. Before his death, the life insurance statement was returned to the policy holder, Crosby, and retained by it. The insurers filed the statements to medical examiner and Crosby acknowledged that such instrument was available for its information and use.

The court below in granting summary judgment to the plaintiff " beneficiary, " held that the defendant-appellant insurers' defense of material misrepresentations was unavailable to them since copies of the above instruments were neither attached to the certificate issued in Robins' name nor delivered to him or his beneficiary prior to his death.

Although the Special Term said that it recognized that the language employed in the creditor policies represented an accommodation to the character of the transaction, nevertheless it failed to perceive the peculiarities of this type of life insurance. It appears that the deceased did designate his daughter as the beneficial owner of the shares to be issued under the installment contract. But such designation in nowise establishes her as the beneficiary of the creditor policies. She was not named in any insurance document and there is no indication that the insurers even knew of her existence. The gift that Robins made to his daughter of the mutual shares should not be confused with the debt he incurred in their purchase. The beneficiary of the policies was not Robins' daughter, but the creditor, Crosby. Each of the policies provides that upon the death of the insured one half of the unpaid balance due under the installment purchase will be paid to Crosby, and Crosby in turn is required to apply said amount toward discharge of the indebtedness of the debtor at the time of his death. And, at the time of Robins' death, Crosby held his life insurance statement

and had access to his statements to medical examiner. (Insurance Law, § 161, subd. 1, par. [a]; § 201, subd. 1; § 204, subd. 1, par. [c].) The insurers are entitled to prove Robins' misrepresentations.

The insurers' motion to permit a deposition of the wife of the deceased as a witness as to her knowledge of a controlling issue of fact — whether the deceased had retained or received copies of the instruments containing his representations — should have been granted.

The order should be reversed, on the law, with costs and disbursements, the defendants' motion for discovery granted and plaintiff's motion for summary judgment denied.

STEUER, J. P., CAPOZZOLI, TILZER and McNALLY, JJ., concur.

Order entered on April 25, 1966, unanimously reversed, on the law, with $50 costs and disbursements to the appellants, the defendants' motion for discovery granted, and the plaintiff's motion for summary judgment is denied. Settle order on notice.