Layman *v.* Continental Assurance Company, Appellant.

Argued October 3, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William C. Walker,* with him *Dickie, McCamey & Chilcote,* for appellant.

*David M. Harrison,* with him *Harrison & Louik,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 21, 1968:

On September 1, 1963, the Continental Assurance Company delivered to Fred W. Layman a certificate of life insurance reciting that he was insured under the group policy issued by the company to the members of the American Welding Society. The insured died on January 22, 1964, leaving as his beneficiary the appellee, Leah Quay Layman. On April 13, 1964, approximately three months after Mr. Layman's death, the company mailed to Mrs. Layman a copy of her deceased husband's insurance application. It was the company's position that, since Mr. Layman had falsified information on this application, his widow could not recover under the policy. Mrs. Layman accordingly commenced this action.

In its answer to appellee's complaint, appellant offered, as its sole defense, the fact that Mr. Layman had given the company false information in his application for insurance. Appellee then moved for judgment on the pleadings on the ground that, since a copy of her husband's application was not attached to the policy when issued, the company was precluded, by statute, from using this application as a defense. The statutes relied upon were the Act of May 17, 1921, P. L. 682, §318, 40 P.S. §441 and the Act of May 11, 1949, P. L. 1210, §6, as amended, 40 P.S. §532.6. After the lower court denied her motion, under authority of the Act of April 18, 1874, P. L. 64, §1, 12 P.S. §1097, Mrs. Layman appealed to this Court. We affirmed the denial. See *Layman v. Continental Assurance Co.*, 416 Pa. 155, 205 A. 2d 93 (1964).

Our first decision in *Layman* resulted from our construction of the statutes relied upon below. Although both the Act of 1921 and the Act of 1949 contain provisions that a copy of the insurance application must be attached to the policy when issued, we held that the Act of 1921 does not apply to group insurance policies, and that the policy referred to in the Act of 1949 (which does apply to group policies) is the policy furnished to the group employer, in this case the American Welding Society. Since Layman himself received only a certificate showing him to be insured, and since the Act does not require the application to be attached to the certificate when issued, Mrs. Layman could not prevail.

Following her initial defeat before our Court, Mrs. Layman went to trial. She was there successful in preventing the company from using the application in evidence by invoking another, previously untried, provision of the Act of 1949. The relevant provision recites: "[N]o statement made by any person insured shall be used in any contest unless a copy of the in-

strument containing the statement is or has been furnished to such person or to his beneficiary." Act of May 11, 1949, P. L. 1210, §6, as amended, 40 P.S. §532.6(3). The lower court construed the language as requiring that the instrument (in this case Mr. Layman's application) be furnished to the insured or beneficiary *before* the death of the insured. It therefore concluded that appellant waited too long to furnish Mrs. Layman with a copy of her husband's application, and hence could not use it at trial. The jury accordingly was directed to find a verdict in favor of appellee in the amount of the insurance certificate, $10,000 plus interest. Following the denial of appellant's motion for judgment n.o.v. and the entry of judgment, this appeal was taken.

Construction of the statutory language here at issue presents a case of first impression for this Court. Moreover, we have found but two other jurisdictions, Illinois and New York, which have faced such a provision. Each came to a different result. In construing language identical to that found in our Act of 1949, the Seventh Circuit Court of Appeals (applying Illinois law) held that the requirement of furnishing a copy of the application was satisfied even though the company waited until it filed its answer in court before making the application available to the plaintiff beneficiary. *Coleman v. Aetna Life Ins. Co.,* 261 F. 2d 296 (7th Cir. 1958). However, New York, again construing identical language, has required that the company furnish the application *before* the insured's death. *Robins v. John Hancock Mut. Life Ins. Co.,* 49 Misc. 2d 731, 268 N.Y.S. 2d 470 (S. Ct. 1966), rev'd on other grounds, 27 App. Div. 2d 188, 277 N.Y.S. 2d 706 (1967). In our view the New York rule is by far the more logical, and the one more in harmony with public policy.

Certainly not every false statement made by an insured in a policy application is made intentionally.

Thus clearly one of the main purposes behind the requirement that the company furnish the insured or his beneficiary with a copy of the completed application is to afford the parties involved an opportunity to correct any errors which might vitiate the policy. Such errors obviously cannot be corrected after the insured has died. This line of reasoning not only underlies the New York rule, see *Robins v. John Hancock Mut. Life Ins. Co.*, supra,[1] but it also persuaded the lower court in the present case. *Layman v. Continental Assurance Co.*, 115 Pitt. L.J. 146, 148 (C.P. 1967): "The insured cannot correct his statements after his death. It is obviously futile to then notify the beneficiary. The protective provisions of the statute would be nullified if we were to hold that defendant complied with the statute by attaching a copy of the application to its amended Answer." We too are similarly persuaded.

Appellant balks at requiring an insurance company to furnish a copy of the application before the insured's death because it somehow believes that such a rule would place the intolerable burden upon insurance carriers of having to send out new copies each time an insured changed his beneficiary. No such burden, however, need be borne by the company if it merely sends a copy to the insured himself. For the statutory mandate is satisfied so long as either the insured *or* his beneficiary receives the application. Furthermore, appellant assumes that the statute must permit furnishing of a copy after death because its language includes "beneficiary" as well as "insured." This as-

---

[1] *Robins* received favorable comment in 18 Syracuse L. Rev. 297, 299 (1966), where the writer noted: "The purpose of attachment or delivery of the application or statement is to allow the insured to examine it and to correct any error therein. Hence, the court reasoned that delivery to the estate is inappropriate and fruitless, since it cannot assist in correction of error in the lifetime of the insured."

sumption apparently stems from the fact that the beneficiary has no right to alter an insured's application, and therefore could do nothing if a copy of the application was furnished to him (the beneficiary) before the insured's death. Of course, this argument totally overlooks the very real possibility that the beneficiary, when he realizes that his right to recover might be defeated by the insured's false statements, will promptly notify the insured and prevail upon the latter to correct these statements.

Finally, it is basic to the rules of statutory construction that a law should not be construed so as to result in the performance of a useless act. Yet that is precisely what would happen should we hold the statute satisfied if the company furnishes a copy of the application in its answer. For this is *already* required by Rule 1019(h) of the Pennsylvania Rules of Civil Procedure. It is there provided: "A *pleading* shall state specifically whether any claim *or defense* set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, . . ." (Emphasis supplied.) This rule, by use of the word "pleading" rather than "complaint," and more important by its specific reference to defenses based upon writings, quite clearly applies to answers such as the one filed by the insurance company in the present case. We can think of no clearer example of a defense based upon a writing than one which alleges nonliability because of false statements in an insurance application. Therefore, since the insurance company *had* to attach a copy of the application to its answer, appellant would have us read section 532.6(3) of the Insurance Law as requiring absolutely nothing not already required by the rules of civil procedure.[2]

---

[2] No such infirmity plagued the Seventh Circuit in *Coleman*, supra, since the Federal Rules of Civil Procedure have no provi-

In our view, having failed to furnish either the insured or his beneficiary with a copy of the application before the insured's death, the company may not now defend this lawsuit on the basis of that application.

Judgment affirmed.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice JONES dissents.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.

---

sion similar to our Rule 1019(h). See 10 Fed. R. C. P.

Moreover, Rule 1019(h) became effective January 1, 1947, over two years before §532.6(3) of the Insurance Law was enacted.