### KRIBBS v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.
#### No. GCG-74-1408.
Circuit Court, Polk County.

April 14, 1975.

Eugene W. Harris, Lakeland, for the plaintiff.

Charles W. Pittman, Tampa, for the defendant.

WILLIAM K. LOVE, Circuit Judge.

The above cause came on for hearing upon the motion of the plaintiff for reconsideration of her motion for summary judgment, there being present counsel of record for the parties. The motion for reconsideration seeks a determination and interpretation of the law applicable to the facts of this case as contained in Florida Statutes 627.561 and 627.409. It is now admitted by the defendant that a copy of the application for insurance taken from the decedent Gerald Kribbs was not delivered to him during his lifetime, and that a copy of such application was not delivered to his beneficiary until after his death.

In pertinent part Florida Statute 627.561 provides, "No statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary." Said statute, nor any other that can be properly interpreted with it, specifically answers the question of whether the delivery of a copy of such an application must be made during the insured's lifetime, or may be made after his death. Furthermore, it appears that this is a case of first impression in Florida.

Decisions from four other jurisdictions that have considered this point are equally divided. Johnson v. Prudential Insurance Company of America, 506 S. W. 2d 238 (Texas 1974), and Coleman v. Aetna Life Insurance Company, 261 F. 2d 296 (7th Cir. 1958), applying Illinois law, both hold that delivery after death of a copy of the application is sufficient compliance with the statute. Layman v. Continental Assurance Company, 242 A.2d 256 (Pa. 1968), and Robins v. John Hancock Mutual Life Insurance Company, 268 N.Y.S. 2d 470 (N.Y. 1966), both hold that delivery after death does not comply with the statute and that statements contained in said application cannot be used as a defense.

The purpose of such a statute (and Florida Statute 627.408, applicable to individual life insurance policies) is to provide the insured with an opportunity to correct any misstatements or errors contained on the application so that the insurance policy when issued will provide the contracted coverage. Upon the death of the insured, however, the rights of the beneficiary in the policy are determined and misstatements whether fraudulent or innocent cannot be corrected. To hold, therefore, that delivery after death is sufficient compliance with such a statute is to defeat the purpose of said statute and render it meaningless.

The court, therefore, finds that the reasoning and opinion of Layman v. Continental Assurance Company, supra, is the better reasoned rule and should govern the further proceedings of this cause.

It is, therefore, ordered and determined that no statements contained in the application for insurance taken from Gerald Kribbs during his lifetime shall be used as a defense in this cause and that all further proceedings in this cause shall proceed consistent with this opinion.