467 A.2d 1303

**Barbara Ann D'ALLESSANDRO, Appellee,**

v.

**DURHAM LIFE INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1983.

Decided Dec. 6, 1983.

Reargument Denied Jan. 20, 1984.

34

Hugh M. Emory, Paoli, for appellant.

William E. Benner, Doylestown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The sole issue presented is whether an insurance company is barred from using false statements in an application for life insurance to defend against a claim under the insurance policy where the policy provides that such a statement may not be used to contest a claim "unless a copy of the instrument containing the statement has been furnished to the person making the claim" and the insurance company furnished a copy of the application to the claimant only *after* the named insured's death. The lower courts held the failure of the insurance company to furnish a copy of the application to the named beneficiary under the policy *prior* to the death of the insured barred the use by the insurance company of the false statements contained in the application in defense of the claim. For the reasons that follow, we reverse.

On or about March 21, 1975, John Charles D'Allessandro applied for group life insurance with appellant Durham Life Insurance Co. and signed an application, a copy of which was provided to him during his lifetime, stating that, in the

preceding five years, he had neither consulted a physician nor been hospitalized, and further representing that he never had heart trouble, high blood pressure, chest pains or any other health impairments. In fact, at that time, he had a history of medical problems with concurrent treatment for recurrent coronary insufficiency pain consistent with coronary disease and kidney problems, and had been hospitalized for these ailments. On July 1, 1975, the insurance company issued a group life insurance policy in the amount of $50,000 to Mr. D'Allessandro. His wife, Barbara D'Allessandro, appellee herein, was named beneficiary. After paying premiums in the amount of $400.65, Mr. D'Allessandro died on October 14, 1975, as a result of coronary artery disease. Mrs. D'Allessandro claims the proceeds, $50,000, under the insurance policy which the insurance company refuses to pay on the ground the application contained material misrepresentations of fact. Mrs. D'Allessandro commenced an action in assumpsit in the Court of Common Pleas of Bucks County. On stipulated facts, Common Pleas Court granted Mrs. D'Allessandro's motion for summary judgment and denied the insurance company's motion for summary judgment. On appeal, Superior Court, 291 Pa.Super. 613, 436 A.2d 669, affirmed.

The policy deals with contestability as follows:

**INCONTESTABILITY—STATEMENTS BY INSURED PERSONS**

The insurance of any person shall be incontestable after it has been in force for two years. All statements made by any of the persons insured hereunder shall be deemed representations and not warranties and *no* such *statement shall be used in defense of a claim* hereunder unless it is contained in a written instrument signed by him and *unless a copy of the instrument containing the statement has been furnished to the person making the claim.*

(Emphasis supplied.) Mrs. D'Allessandro, the appellee, concedes that her husband's misstatements in his application for insurance were of such a nature that she would be

barred from claiming under the policy if the application could be used to contest the claim. However, she argues the result reached by the lower courts is mandated by existing case law.

■ The lower courts determined that an ambiguity existed as to the time when the application must be furnished to the claimant. They resolved this "ambiguity" in accordance with the longstanding rule that where the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, courts will construe the language most strongly against the insurer and accept the construction most favorable to the insured. *Ehrlich v. U.S. Fidelity & Guaranty Co.*, 356 Pa. 417, 423, 51 A.2d 794, 797 (1947). Both courts relied upon *Layman v. Continental Assurance Co.*, 430 Pa. 134, 242 A.2d 256 (1968) wherein we construed the Act of May 11, 1949, P.L. 1210, § 6, as amended, 40 P.S. § 532.6(3), which provides, in pertinent part:

### § 532.6 Standard policy provisions.

No policy of group life insurance shall be delivered in this State unless it contains in substance the following provisions, or provisions which in the opinion of the Insurance Commissioner are more favorable to the persons insured, or at least as favorable to the persons insured and more favorable to the policyholder....

.    .    .    .    .

(3) A provision that a copy of the application, if any, of the policyholder shall be attached to the policy when issued, that all statements made by the policyholder or by the persons insured shall be deemed representations and not warranties, and that no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary.

(Footnote omitted.) In *Layman*, we held the statute required, as a prerequisite to contesting a claim under a policy based on misstatements in the application, that the insur-

ance company provide a copy of the application to the insured or his beneficiary before the death of the insured.

The lower courts' reliance on this Court's decision in *Layman, supra,* is inappropriate for several reasons. *Layman* involved construction of an act which by its express provision applies to policies of group life insurance delivered in this Commonwealth. In the instant case, the policy was delivered in Missouri, thus, the statutory provision is inapplicable. If we were to treat the statutory provision as applicable, the requirements of the statute and *Layman* would have been met in this case as the insurance company did furnish a copy of the application to Mr. D'Allessandro, along with the original insurance policy, prior to his death. Furthermore, it was error for the lower courts to equate the word "beneficiary" with the term "person making the claim." It is not difficult to imagine numerous instances where the named "beneficiary" is not "the person making the claim;" and it would be unreasonable to expect the insurance company to ascertain the identity of all potential personal representatives, guardians or other persons who may make a claim under the policy.

■ The relevant portion of the incontestability provision requires that the person making the claim must be furnished with a copy of the insured's signed application. Simply stated, the claim does not arise until *after* the death of the insured and the "person making the claim" can only be identified after the death of the insured. It necessarily follows that there cannot reasonably be any requirement of furnishing the application to the claimant until after the insured's death.

■ "[W]here the language of the policy is clear and unambiguous it cannot be construed to mean otherwise that what it says. It must be given the plain and ordinary meaning of the terms used...." *Topkis v. Rosenzweig,* 333 Pa. 529, 531, 5 A.2d 100, 101 (1939). As the disputed language in this case is not ambiguous, the incontestability provision must be read in accordance with its clear language and be given a reasonable interpretation, demonstrating the intent of the parties. Clearly, the insurance

company was not required to furnish the appellee with a copy of the signed misrepresentations of the insured until *after* his death when she then became the "person making the claim." As appellee has not demonstrated any existing requirement that the insurance company provide a copy of the application to her *prior* to the insured's death, the appellant may use the fraudulent misrepresentations of the deceased in its defense.

Mr. D'Allessandro misrepresented his medical history and physical condition and intentionally and fraudulently concealed the identity of the doctors who had attended him during the five years preceding his application for life insurance. "Where a party is induced to enter into a transaction with another party that he was under no duty to enter into by means of the latter's fraud ... the transaction is voidable as against the latter...." *Watercolor Group v. Wm. H. Newbauer,* 468 Pa. 103, 115, 360 A.2d 200, 205 (1976). As the policy of insurance was issued to Mr. D'Allessandro on the basis of fraudulent misrepresentations, the appellant must be permitted to avoid the contract upon repayment of the premiums paid. To hold otherwise would legitimize an admitted fraud.

The order of the Superior Court is reversed; the cause is remanded to the Court of Common Pleas for entry of summary judgment in favor of Durham Life Insurance Company and against Barbara D'Allessandro.