**Robert W. McCORKLE, Plaintiff,**

**v.**

**FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, a corporation and Underwriters Adjusting Company, a corporation, Defendants.**

**Civ. A. No. 87–1039.**

United States District Court,
W.D. Pennsylvania.

Feb. 9, 1988.

Lee Markovitz, Pittsburgh, Pa., for plaintiff.

Robert G. Simasek, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff, Robert McCorkle, originally brought this action in state court to compel defendants, Firemen's Insurance Company of Newark, New Jersey and Underwriters Adjusting Company, to provide legal representation and insurance coverage for a claim brought against plaintiff. Defendants removed the action to this court. Both parties have moved for summary judgment.

The facts are undisputed. Plaintiff, a cement contractor, purchased a liability insurance policy from defendants. A customer, dissatisfied with the work performed by plaintiff, filed suit for breach of contract and breach of implied warranties. Claiming that the insurance policy covered the damages sought, plaintiff requested that defendants defend him in that lawsuit; defendants refused because according to them, the damages sought were excluded by the policy.

The parties dispute the meaning of the following exclusion of the insurance policy:

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract, but this exclusion does not apply to a warranty of fitness or quality or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.

Plaintiff argues that exclusion (a) is ambiguous because it contradicts other exclusions in the insurance contract. As such, the policy should be read as covering the damages alleged in the lawsuit against plaintiff. Defendants, on the other hand, argue that the language of the exclusion is clear and unambiguous. Defendants argue that the exception to the exclusion deals only with that exclusion and that the warranties listed in the exception remain subject to the other exclusions in the policy which exclude coverage.

In Pennsylvania, a court's duty is to determine the parties' intent as manifested in the language of the insurance contract. *Eastern Associated Coal v. Aetna Casualty & Surety Co.*, 632 F.2d 1068 (3d Cir. 1980). Generally, the policy should be read as a whole. *Delaware Construction Co. v. Safeguard Ins. Co.*, 209 Pa.Super. 502, 228 A.2d 15 (1967). "Where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise that [sic] what it says." *D'Allessandro v. Duhram Life Ins. Co.*, 503 Pa. 33, 467 A.2d 1303 (1983). However, the court should not torture the language of the policy in order to create ambiguities; ambiguities should be avoided, if possible. *Eastern*, 632 F.2d at 1075. If the policy language is found to be ambiguous, the provisions must be resolved in favor of the insured. *St. Paul Fire & Marine Ins. Co. v. U.S. Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir. 1981).

The question we face is whether exclusion (a) is ambiguous when the policy is read as a whole. The Pennsylvania courts have not resolved the issue; thus, we must predict how they would decide the issue. Although both parties have cited cases from other states which have decided the issue, we have uncovered three Pennsylvania cases which aid our analysis.

In *Penn Maid Hosiery Mills, Inc., v. Affiliated FM Ins. Co.*, 12 Pa.D. & C.3d 463 (1979) [Available on WESTLAW, 1979 WL 640], the plaintiff argued that an exception to an exclusion created an ambiguity and provided coverage. The court found no ambiguity basing its decision on language from 12 Couch on Insurance 2d § 44:416: "When a policy exception itself contains an 'exception clause,' the effect of the latter is to restrict the sphere of operation of the exception and thus make the exception inapplicable and allow recovery if the harm sustained is otherwise within the coverage of the policy." 12 D. & C.3d at 468.

In *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983), the Pennsylvania Supreme Court held that an insurance policy, with exclusions identical to those here, did not cover the cost of replacing a portico which the plaintiff allegedly installed improperly. The court held that the policy was unambiguous. The parties there apparently did not raise plaintiff's argument here. However, in a concurring opinion, Justice Hutchinson, joined by Justice Flaherty, stated,

> I believe a general liability policy protects the policyholder against claims made by third parties for injuries to their person or property resulting from the policyholder's negligence. A liability policy does not provide a guarantee of the policyholder's workmanship. Such a guarantee is not within its coverage. I do not believe a businessman of ordinary intellect could reasonably expect to obtain a defense against and indemnity for the cost of properly performing his contract or replacing his failed product under a liability policy.... In short, this case involves an absence of coverage itself not an exclusion negating coverage which would otherwise exist.

469 A.2d at 567.

Finally, in *Young v. U.S. Fidelity & Guaranty*, No. 86–6832 (E.D.Pa. July 29, 1987) [Available on WESTLAW, 1987 WL 14846], the court denied plaintiff's claim that the policy provided protection for a breach of warranty claim under circumstances similar to the present case. The plaintiff attempted to find coverage through exclusion (a), but the court held that exclusion clauses do not provide coverage.

The Pennsylvania authorities persuade us that plaintiff's argument must fail. Plaintiff attempts to create an ambiguity from the exception to the exclusion, but we can find none. The exception to exclusion (a) begins with the phrase: "but *this exclusion* does not apply to ..." (emphasis added). Clearly, under this language, the exception applies only to exclusion (a), not to the other exclusions of the policy. It cannot be reasonably interpreted in any other fashion.

Given that the exception to the exclusion only serves to limit the effect of exclusion (a), the second part of plaintiff's argument must also fail. The exception to exclusion (a) cannot be viewed as contradicting any other exclusions. Exclusions should be analyzed against the general coverage provisions, not against other exclusions. *See, Zandri Construction Co. v. Firemen's Ins. Co. of Newark*, 81 A.D.2d 106, 440 N.Y.S.2d 353, *aff'd*, 54 N.Y.2d 999, 446 N.Y.S.2d 45, 430 N.E.2d 922 (1981). Thus, we agree with the courts of New Jersey and New York that the language of the exception in exclusion (a) does not create an ambiguity and does not create coverage for the costs of repairing the insured's work product when damages are asserted by a third party, as they are here. *See, Weedo v. Stone–E–Brick, Inc.*, 81 N.J. 233, 405 A.2d 788 (1979); *Zandri Construction, supra.*

In sum, we conclude that the Pennsylvania Supreme Court would hold that exclusion (a) is not ambiguous. Further, that defendants properly refused to defend plaintiff because the insurance policy does not cover the damages asserted against McCorkle. We will grant defendant's motion for summary judgment. Plaintiff's motion for judgment will be denied.

A written order will follow.