Ollie MARTIN, Jr., Appellant (Plaintiff Below),

v.

Anthony J. RIVERA and American Ambassador Casualty Company, Appellees (Defendants Below).

No. 56A03–8902–CV–31.

Court of Appeals of Indiana, Third District.

Oct. 23, 1989.

Steven A. Kurowski, Merrillville, for appellant.

Anthony J. Rivera, Gary, pro se.

Robert F. Parker, Beckman, Kelly and Smith, Hammond, for appellee American Ambassador Cas. Co.

HOFFMAN, Judge.

Plaintiff-appellant Ollie Martin, Jr. appeals the trial court's decision granting American Ambassador Casualty Company's motion for summary judgment.

The facts relevant to this appeal disclose that Richard Robinson contracted with American Ambassador for automobile liability insurance covering a 1985 Dodge van.

While Robinson lived in Illinois, the insured van was garaged and maintained in Gary, Indiana by an acquaintance of Robinson, Willy Barbare. Robinson was a maintenance supervisor at Glen Oaks Nursing Home in Northbrook, Illinois. Although Barbare was not an employee at Glen Oaks, he would drive employees of Glen Oaks from Gary, Indiana to Northbrook and back home everyday. He charged $5.00 per round trip, which was paid approximately every two weeks. The number of passengers would vary from four to five on a trip to as many as approximately 15 on a trip. Occasionally more than one round trip would be made. On the days when Barbare was unable to drive, he would obtain another driver. Defendant-appellee Rivera was the driver on the day of the accident.

American Ambassador filed for summary judgment relying on the exclusion in Robinson's policy which reads in relevant part: "This policy does not apply: ...
2. Under [Bodily Injury Liability and Medical Coverage],
(a) ... (2) to bodily injury to any passenger or passengers carried for hire."
The trial court granted American Ambassador's motion for summary judgment.

Appellant raises one issue for review: whether the trial court erred in granting summary judgment in favor of American Ambassador.

When reviewing the grant of a motion for summary judgment, this Court will stand in the shoes of the trial court and consider the same matters as does the trial court. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. Summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 56.

Appellant claims that American Ambassador's exclusionary clause is ambiguous due to the lack of a definition covering passengers for hire within the policy. Appellant also claims that the ambiguity arises from the fact that the Illinois legislature has enacted statutes requiring vehicles carrying passengers for hire to maintain proof of financial responsibility and specifically excepts from those requirements vehicles used in a "ridesharing arrangement." However, Illinois statutory law regarding proof of financial responsibility and American Ambassador's exclusionary clause in its automobile insurance contract with Robinson are mutually exclusive situations. This exclusionary clause in the insurance policy has been held to be plain, unambiguous and reasonable. *Laliberte v. Public Service Mutual Casualty Co.* (1943) 69 R.I. 431, 34 A.2d 670; *Orcutt v. Erie Indemnity Co.* (1934) 114 Pa.Super. 493, 174 A. 625.

Illinois case law is scarce on interpretation of this exclusionary clause. In 22 Illinois Law and Practice Insurance § 391 (1956), it reads:

*"Carriage of passengers for consideration.*

The word 'used,' as employed in an automobile liability policy excepting from coverage automobiles used to carry passengers for a consideration, actual or implied, has been held to mean a continued or business use."

The wording of this exclusionary phrase tends to differ slightly among insurance policies (*i.e.* carrying for consideration, for hire, for fee, for charge, etc.) but is construed by courts for the same exclusionary purpose.

In *Maringer v. Bankers Indemnity Ins. Co.* (1973) 288 Ill.App. 335, 6 N.E.2d 307, the court held the exclusionary phrase, which forbid carrying passengers for consideration, not to be applicable to the fact situation. The court found that the owner of a car had allowed his car to be used to drive some personal friends and customers to their homes. No charge was made by the owner or driver, nor was anything promised by the occupants of the car for the ride. This single isolated casual use of the car was never intended to work a forfeiture of the policy. The automobile was

not being continuously used for this purpose for any length of time and thus, liability under the policy was not excluded.

A more recent and similar case was decided by the Alabama Supreme Court. In *Johnson v. Allstate Insurance Co.* (1987) Ala., 505 So.2d 362, Johnson, the president of a Kiddie Kollege, allowed a van, which was on his automobile policy, to be driven for a daily pick-up service to transport children to and from the day care center. Those parents who wanted their children to use this transportation service signed a form indicating this, and Kiddie Kollege charged $1.00 each way for each child transported to and from the center. The court held that the van was "carrying passengers for fee" and "carrying passengers for charge" within the scope of liability and collision exclusions of personal automobile contract. The factors the court considered in reaching this decision were whether the amount charged was a definite amount, whether it was proportionate to actual expenses of the trip, whether it was voluntary and whether driver and passengers were engaged in a common enterprise. As to whether the driver makes a profit on the journey was not deemed to be a relevant factor.

The court found that a set fee was charged and that the fee was not proportionate to the actual expenses of the trip, but used to defray the expenses of operating the van. The fee was not voluntary and the children who were transported to and from the day care center were not friends or relatives engaged on an isolated pleasure trip and had no common interest other than reaching a common destination.

The court recognized that in cases with similar or identical exclusionary clauses that the exclusion would not apply to pleasure trips made by friends or relatives or to car pool situations where the amount collected by the driver is proportionate to the expense of the journey. The court's reasoning is persuasive.

The factors set out in *Johnson* are applicable to this case and as in *Johnson* are satisfied. The amount charged, $5.00 per round trip payable every two weeks, was a definite amount. Robinson said in his statement that at times there were as few as four to five on a trip or as many as 15. However, the same fee was charged regardless of the number of passengers. Thus, the amount charged was not proportionate to the actual expenses of the trip. The fee collected was simply used to defray the expenses of operating the van. Robinson stated that he used the money to pay for the operation of the van and its maintenance and to make payments to the financing company and for insurance.

The fee was not voluntary but required and the driver and passengers were not engaged in a common enterprise. They had no common interest other than reaching a common destination. The driver was not even an employee of the nursing home and at times would make more than one round trip a day to deliver passengers to work and then back to their homes.

The use of Robinson's van in this manner clearly expanded the risks of liability beyond those risks covered by Robinson's insurance policy. As a matter of law, a van which was not used by the owner, who lived in Illinois, but instead was given to a non-employee in Gary, Indiana for the purpose of providing transportation for a set fee to various numbers of employees of Glen Oaks who wanted transportation to and from work and who made as many trips as necessary to provide this transportation does not come within the coverage provided by the insurance policy at issue here. There is no genuine issue of material fact. So that the trial court did not err in granting summary judgment in favor of American Ambassador.

Affirmed.

GARRARD, P.J., and CHEZEM, J., concur.