132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Patrick Sean SUGRUE, an individual; Patrick Sean SUGRUE,
dba/British School of Paragliding, Defendants,
and
Sheryl L. Fumerola, an individual; Sharon Krist, as
executor of Mario Fumerola,
Defendant-Intervenors-Appellants.
 No. 96-17052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Dec. 8, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-95-00485-HDM; Howard D. McKibben, District Judge, Presiding.
 
 
 2
 Before HUG, C.J., and WALLACE and HALL, JJ.
 
 MEMORANDUM
 
 3
 Fumerola and Krist appeal from summary judgment in a declaratory judgment action. The district court had jurisdiction over this diversity case. 28 U.S.C. § 1332. Fumerola and Krist timely appealed from a final judgment, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * The district court held that Fumerola and Krist, the defendant-intervenors, lacked standing. Standing determinations are reviewed de novo. Sahni v. American Diversified Partners, 83 F.3d 1054, 1057 (9th Cir.1996), cert. denied, 117 S.Ct. 765 (1997). The district court followed a Nevada Supreme Court case, which held that an injured party lacks standing to bring a declaratory relief action unless the party has already obtained a judgment against the insured. Knittle v. Progressive Casualty Insur. Co., 908 P.2d 724, 725-26 (Nev.1996).
 
 
 5
 The district court erred in applying state law. Federal law determines whether a federal court may grant declaratory relief. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 674 (1950). An intervenor is not required to have Article III standing. Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 n. 1 (9th Cir.1989).
 
 
 6
 Intervenors do need standing to pursue an appeal, however, which is an issue that we must address even though none of the parties raised it. Arizonans for Official English v. Arizona, 117 S.Ct. 1055, 1067 (1997).
 
 
 7
 Unlike the Nevada Supreme Court, we do not require an injured party to have a judgment against the insured before the party's claim against the insurer rises to the level of a justiciable controversy. Eureka Federal Savings & Loan Ass'n v. American Casualty Co., 873 F.2d 229, 231-32 (9th Cir.1989). Because Fumerola and Krist would have standing to pursue a declaratory judgment action against State Farm, a fortiori they have standing to appeal a declaratory judgment action brought by State Farm.
 
 
 8
 State Farm also argues that "no real case [or] controversy existed into which Appellants could have intervened," because it obtained an entry of default before Fumerola and Krist's motion to intervene was granted. Fumerola and Krist contend that this argument has been waived. To the extent this argument is jurisdictional, however, we must address it even if it was not raised in the district court. Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1405 (9th Cir.1991), cert. denied, 503 U.S. 985 (1992).
 
 
 9
 In any case, the argument is meritless because an "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (Bankr.9th Cir.1991); see Fed.R.Civ.P. 55. An entry of default is not a final order terminating the litigation and thus does not end the court's jurisdiction over a case or controversy. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986) (entry of default is not a final appealable order).
 
 II
 
 10
 The district court also held for State Farm on the merits. We review summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Sugrue's insurance contract contained an exclusion applicable when the vehicle was "used to carry persons for a charge." The district court concluded that this exemption applied at the time of Fumerola's paragliding accident.
 
 
 11
 No state, including Nevada, has determined whether a paraglider being pulled behind a vehicle is being "carried." Fumerola and Krist unpersuasively argue that the district court improperly relied on the dictionary definition of "to carry." The district court stated that the plain meaning of "carry" includes holding, supporting, transporting, and moving. The district court did not err in holding that Fumerola's husband was being "carried" by the car.
 
 
 12
 The exclusion also requires that Fumerola be carried "for a charge." Fumerola and Krist concede that part of the $175 Fumerola's husband spent for paragliding instruction went towards the paragliding ride. We do not agree with their argument that we must be able to determine which portion of the $175 was spent on the use of the car.
 
 
 13
 While there is no Nevada law interpreting insurance contract exclusions for carriage for a fee, most states consider "whether transportation is generally available to the public." 6C John Alan Appleman & Jean Appleman, Insurance Law and Practice § 4434 (Richard B. Buckley ed., 1979); see also Martin v. Rivera, 545 N.E.2d 32, 34 (Ind.Ct.App.1989) (applying Illinois law) (examining "whether the amount charged was a definite amount, whether it was proportionate to actual expenses of the trip, whether it was voluntary and whether driver and passengers were engaged in a common enterprise"); Johnson v. Allstate Insur. Co., 505 So.2d 362, 367 (Ala.1987) (same). Sugrue ran a commercial paragliding establishment and offered his services to the general public. Fumerola's payment of the $175 included payment for the use of the car and thus Fumerola was being carried for a fee.
 
 III
 
 14
 Fumerola and Krist finally argue that State Farm knew or should have known that Sugrue was using the insured vehicle in the course of his business. If State Farm were aware that Sugrue was using the insured vehicle in the course of his business, according to Fumerola and Krist, it may have waived the "carry for charge" exclusion. Mahban v. MGM Grand Hotels, 691 P.2d 421, 423-24 (Nev.1984); Industrial Life & Health Insur. Co. v. Trinkle, 204 S.W.2d 827, 831 (Tenn.Ct.App.1947).
 
 
 15
 Sugrue's application for car insurance stated that he was a "hang gliding instructor self employed" and that the vehicle was for pleasure, not business, use. Contrary to Fumerola and Krist's assertions, there is no reason why State Farm should have known that a hang gliding instructor would use a non-business vehicle to tow paragliders.
 
 
 16
 AFFIRMED.
 
 
 17
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.