George **TZIATZIOS**, Plaintiff,

v.

**UNITED STATES of America,
et al., Defendants.**

No. 95–CV–4175.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1996.

Anthony Carrozza, III, Media, PA, for Plaintiff.

Keir N. Dougall, United States Attorneys' Office, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today the motion for summary judgment filed by the defendant United States (the "Government") in this case arising under the Food Stamp Act of 1977, 7 U.S.C. §§ 2011–32. The plaintiff in this action, George Tziatzios, is the owner and operator of the George Family Deli (the "deli"), a pizzeria and delicatessen located on Girard Avenue in Philadelphia. On May 1, 1995, the Food and Consumer Service division of the United States Department of Agriculture ("FCS") notified Mr. Tziatzios that the deli had been permanently disqualified from participating in the Food Stamp Program. An administrative review officer sustained this decision on June 6, 1995. Thus, on July 5, Mr. Tziatzios filed a complaint against the Government in this Court, seeking judicial review of the administrative decision.

The facts giving rise to this suit are as follows. By letter dated April 6, 1995, FCS informed Mr. Tziatzios that it was charging him with accepting food stamps in exchange for cash, a violation of the regulations governing the Food Stamp Program. The letter asserted that on two separate days in the late fall of 1994, an FCS investigator named Kim Wade entered the deli and sold to an employee named "George" a total of $125 in food stamps for $92 in cash. FCS also informed him that it would allow him ten days to contest the charge and to submit supportive documentation.

Mr. Tziatzios apparently declined to take this opportunity. Thus, on May 1, 1995, FCS determined that the deli had indeed trafficked in food stamps and notified Mr. Tziatzios of its permanent disqualification from participation in the Food Stamp Program. By letter dated May 8, 1995, Mr. Tziatzios, through his attorney, requested a review of FCS's decision, asserting that he denied "each and every violation" set forth in the April 6 letter. Mr. Tziatzios's denial notwithstanding, an FCS administrative review officer sustained the decision. Mr. Tziatzios was so informed by a letter dated June 6, 1995, which indicated that no mitigating or exculpatory evidence had been produced to counter the charges.

On July 5, 1995, Mr. Tziatzios filed a complaint in this Court, asking us to set aside the FCS's determination. The Government has responded with the instant motion, in which it argues that there is no genuine dispute as to the fact that a deli employee trafficked in food stamps, and that it is therefore entitled to judgment as a matter of law. In support of its motion, the Government has included the declaration of Inspector Wade, who attests that an employee at the deli trafficked in food stamps. Mr. Tziatzios opposes the motion on the sole grounds that an issue of fact exists regarding whether an employee did in fact pay cash in exchange for food stamps. In support of his opposition to the Government's motion, Mr. Tziatzios attests that he never purchased food stamps for cash, and that "[t]o the best of [his] knowledge, information and belief," no deli employee has ever purchased food stamps for cash.

■ Under our rules of civil procedure, we are authorized to award summary judgment "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510–11). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (citing *Celotex*

**412**

*Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)).

 Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge." The rule further specifies that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Thus, a party cannot overcome a motion for summary judgment based on an averment prefaced "on information and belief." Such a statement must be disregarded for summary judgment purposes, as it fails to comply with Rule 56(e). *Automatic Radio Mfg. Co., Inc. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950); *Lowe v. Philadelphia Newspapers, Inc.,* 594 F.Supp. 123, 126 (E.D.Pa.1984).

 In the instant case, the Government has presented persuasive evidence suggesting that an employee at the deli accepted food stamps in exchange for cash. The declarations of Inspector Wade set forth the circumstances surrounding the alleged transactions in precise detail. In attempting to overcome the summary judgment motion, Mr. Tziatzios swears that, to the best of his knowledge, no employee ever trafficked in food stamps. As we have discussed above, however, an affidavit predicated "on information and belief" is insufficient to create a genuine dispute for trial. Accordingly, since there is no genuine dispute as to whether a deli employee accepted food stamps in exchange for cash, we must grant the Government's motion. An appropriate order follows.

### ORDER

AND NOW, this 30th day of January, 1996, upon consideration of Defendants' Motion for Summary Judgment, and Plaintiff's Response thereto, it is hereby ORDERED that said Motion is GRANTED.