NATIONWIDE MUTUAL
INSURANCE CO.

v.

**Thomas A. RIDDER, Jr.**

**No. CIV.A. 99–CV–4871.**

United States District Court,
E.D. Pennsylvania.

July 24, 2000.

Scott J. Tredwell, Swartz, Campbell & Detweiler, Philadelphia, PA, for Plaintiff.

Stephen W. Cody, Gray, Campbell, Patterson & Cody, Lancaster, PA, for Defendant.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

This declaratory judgment action has been brought before the Court on cross-motions of the parties for summary judgment. For the reasons which follow, the Plaintiff's motion shall be granted and the defendant's motion shall be denied.

#### *Statement of Facts*

On May 28, 1998, the defendant, Thomas A. Ridder, Jr. was injured as the result of a motor vehicle accident which occurred when his motorcycle collided with an uninsured motor vehicle. At the time of the accident, the defendant's motorcycle was insured under a policy with Progressive Insurance Company which provided non-stacked uninsured motorist ("UM") coverage in the amount of $15,000. Also at that time, Mr. Ridder and Marie B. Ridder had a personal automobile policy with Nationwide Insurance Company covering a 1989

Hyundai and a 1986 Ford Bronco carrying $100,000/$300,000 non-stacked uninsured motorist benefits. Defendant had still a third, commercial, insurance policy with Nationwide in his name and doing business as Thomson Construction covering a 1996 Ford F150 truck. That policy also carried an uninsured motorist benefit of $300,000.

Following the May, 1998 accident, Defendant made a claim for and received the $15,000 UM benefit afforded under his policy with Progressive. He thereafter made claim for UM benefits to Nationwide under both his personal automobile and his commercial policy. Nationwide denied those claims based upon the "Family Member" Exclusions contained in both of its policies. Specifically, the exclusion in the personal policy stated that:

This coverage does not apply to:

....6. **Bodily injury** suffered while **occupying a motor vehicle** owned by **you** or a **relative** but not insured for Uninsured Motorists coverage under this policy; nor to **bodily injury** from being hit by any such **motor vehicle.**

The Commercial policy had a similarly-worded exclusion:

This insurance does not apply to any of the following:

....5. "Bodily injury" sustained by

a. You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage form.

Plaintiff then filed this action seeking a declaratory judgment that it owed Defendant nothing under either of the two policies since at the time of the accident in question, Mr. Ridder was operating his own motor vehicle (the motorcycle) which was not insured for uninsured motorist coverage under the Nationwide policies. Defendant, in turn, contends that the exclusions upon which Plaintiff relies should be declared null and void as against public policy.

## Standards Governing Motions for Summary Judgment

The standards to be applied by the district courts in ruling on motions for summary judgment are set forth in Fed. R.Civ.P. 56. Under subsection (c) of that rule,

....The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Pursuant to this rule, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287 (D.C.Cir.1988), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Aries Realty, Inc. v. AGS Columbia Associates,* 751 F.Supp. 444 (S.D.N.Y.1990).

Generally, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital,* 760 F.Supp. 1120 (E.D.Pa.1991); *Schillachi v. Flying Dutchman Motorcycle Club,* 751 F.Supp. 1169 (E.D.Pa.1990). *See Also: Williams v. Borough of West Chester,* 891 F.2d 458,

460 (3rd Cir.1989); *Tziatzios v. U.S.*, 164 F.R.D. 410, 411–412 (E.D.Pa.1996).

### Discussion

■ Public policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. *Eichelman v. Nationwide Insurance Co.*, 551 Pa. 558, 562, 711 A.2d 1006, 1008 (1998), citing *Hall v. Amica Mutual Insurance Co.*, 538 Pa. 337, 347, 648 A.2d 755, 760 (1994). As the term "public policy" is vague, there must be found definite indications in the law of the sovereignty to justify the invalidation of a contract as contrary to that policy— only dominant public policy would justify such action. *Id.* It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring that the contract is against public policy. *Id.See Also: Mamlin v. Genoe*, 340 Pa. 320, 325, 17 A.2d 407, 409 (1941).

■ Similarly, the principles under Pennsylvania law governing interpretation of a contract of insurance are familiar and well-settled and the task of interpreting a contract generally falls to the court, rather than to a jury. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 304, 469 A.2d 563, 566 (1983). The goal of that task is to ascertain the intent of the parties as manifested by the written instrument. *Id.*, citing *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974). Where a provision of a policy is ambiguous, the insured receives the benefit of the doubt and the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. *Koenig v. Progressive Insurance Company*, 410 Pa.Super. 232, 236, 599 A.2d 690, 692 (1991), citing, *inter alia, D'Allessandro v. Durham Life Insurance Co.*, 503 Pa. 33, 37, 467 A.2d 1303, 1305 (1983). Language in an insurance policy should be given its ordinary meaning, unless it is clear that some other meaning was intended by the parties. *Id.*

The so-called "Family Member" or "Household" Exclusion has recently been the subject of a number of decisions in cases with fact patterns similar to the instant action by the Pennsylvania Supreme and Superior Courts and the U.S. District Court for the Eastern District of Pennsylvania. While the Pennsylvania Supreme Court has held that the enforceability of the exclusion is dependent upon the factual circumstances presented in each case, it has been upheld in nearly all of the cases in which it has been considered. *See: Paylor v. Hartford Insurance Co.*, 536 Pa. 583, 640 A.2d 1234 (1994).

In *Paylor*, a husband and wife were killed as the result of a single vehicle accident involving their motor home, which was insured under a policy from the Foremost Insurance Company. In addition to that vehicle, the decedents also had a policy with the Hartford Insurance Company covering their three other vehicles. After obtaining the policy limits on the Foremost policy, the wife's estate sought to recover underinsured motorist benefits under the Hartford policy. When the Hartford refused to pay the claim on the basis of a household exclusion, the estate brought a declaratory judgment action to have the exclusion declared to be in violation of public policy and the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, ("MVFRL") *et. seq.* After reviewing several cases on the issue, the Pennsylvania Supreme Court concluded that the household exclusion did not violate either the MVFRL or public policy and that it barred the wife's estate from receiving UIM benefits because the decedent insureds specifically chose to insure the motor home for substantially less than they insured their three other automobiles. To permit the recovery of UIM benefits would be to allow the insureds to effectively convert the underinsured coverage in the Hartford policy into additional liability coverage on

the motor home and this the Court refused to do.

Approximately one month later in *Windrim v. Nationwide Insurance Co.*, 537 Pa. 129, 641 A.2d 1154 (1994), the Supreme Court again upheld the application of the household or family exclusion. In that case, the appellant, while driving his uninsured automobile, was injured by the negligence of an unknown hit-and-run driver. He then sought to recover uninsured motorist benefits under his mother's policy with Nationwide, as he was living with his mother at the time of the accident. The Supreme Court upheld Nationwide's denial of the claim and found the exclusion to be valid as applied on the basis that to allow relatives living with a named insured to decide not to purchase insurance for their own vehicles and instead rely on uninsured motorist coverage under the named insured's policy was in direct contravention of the MVFRL's policy of requiring all drivers in the Commonwealth to act responsibly by maintaining appropriate insurance coverage.

In *Eichelman v. Nationwide, supra*, the appellant was injured when his motorcycle was struck by a pick-up truck being negligently operated by another individual. At the time of the accident, the motorcycle was insured with Aegis Security Insurance Company. Appellant had no underinsured motorist coverage under that policy as he had expressly waived it. He then made claim for such coverage under two insurance policies issued to his mother and step-father by Nationwide. Nationwide denied coverage on the basis of the household exclusion (which is nearly identical in wording to the exclusion at issue here) and Eichelman filed suit seeking a declaration that he was entitled to the benefits under his parents' policy and that the "household" exclusion was against public policy. In upholding the exclusion, the Supreme Court considered the legislative intent behind the MVFRL of protecting innocent victims from uninsured and underinsured motorists. However, the Court noted, that purpose does not override every other consideration of contract construction and there is a direct correlation between premiums paid by the insured and the coverage the claimant should reasonably expect to receive. The appellant voluntarily chose not to purchase underinsured motorist coverage and in return for this choice he received reduced insurance premiums. Moreover, as appellant admitted, he did not even know that his mother and stepfather had insurance policies which could possibly have covered him nor was there any evidence that the insurance company even knew of appellant's existence when it issued the policies or charged the premiums to appellant's parents. Thus, reasoned the Court:

> Allowing the "household exclusion" language to stand in this case is further bolstered by the intent behind the MVFRL, to stop the spiraling costs of automobile insurance in the Commonwealth. If appellant's position were accepted, it would allow an entire family living in a single household with numerous automobiles to obtain underinsured motorist coverage for each family member through a single insurance policy on one of the automobiles in the household. If this result were allowed, it would most likely result in higher insurance premiums on all insureds (even those without family members living at their residence) since insurers would be required to factor expanded coverage cost into rates charged for underinsured motorist coverage. Thus, allowing the "household exclusion" language of the two insurance policies at issue to bar recovery by appellant of underinsured motorist benefits is consistent with the intent behind the enactment of the MVFRL.... Therefore, the Court concludes that a person who has voluntarily elected not to carry underinsured motorist coverage on his own vehicle is not entitled to recover underinsured motorist benefits from separate insurance policies issued to family members with whom he resides where clear and unambiguous "household exclusion" language explicitly precludes underinsured motor-

ist coverage for bodily injury suffered while occupying a motor vehicle not insured for underinsured motorist coverage.

■ Given the virtual identity between the case at hand and the above-cited cases considered by the Pennsylvania Supreme Court, we are compelled to uphold the exclusions in this case and grant the plaintiff's summary judgment motion. Indeed, while it is clear that the plaintiff here did obtain minimal uninsured motorist coverage on his motorcycle, he could have elected higher limits. He chose not to obtain this additional coverage and for this he paid a lower premium. The Nationwide policies were written for specific vehicles and it was for this coverage that Nationwide and the defendant bargained and ultimately contracted. To require Nationwide to pay uninsured motorist benefits on its policies would be to effectively require it to underwrite a risk of which it likely had no knowledge and for which it neither contracted nor was paid. *See Also: Hart v. Nationwide Insurance Co.*, 541 Pa. 419, 663 A.2d 682 (1995); *Nationwide Mutual Insurance Co. v. Riley*, 2000 WL 694744 (E.D.Pa.2000); *State Farm Mutual Auto Insurance Co. v. Filipe*, 2000 U.S. Dist.LEXIS 3828, 2000 WL 325933 (E.D.Pa.2000); *Ridley v. State Farm Mutual Automobile Insurance Co.*, 745 A.2d 7 (Pa.Super.1999); *Troebs v. Nationwide Insurance Co.*, 1999 U.S. Dist. LEXIS 508, 1999 WL 79555 (E.D.Pa.1999). Accordingly, we find no public policy violation in enforcing the exclusion under the circumstances presented here and we therefore grant the plaintiff's motion and deny the defendant's motion pursuant to the attached order.

### ORDER

AND NOW, this ___ day of July, 2000, upon consideration of the Parties' Cross-Motions for Summary Judgment, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment is GRANTED, the Defendant's Motion for Summary Judgment is DENIED, Judgment as a matter of law is entered in favor of the Plaintiff and against the Defendant on all claims set forth in the Plaintiff's Complaint and the Plaintiff is not required to make payment of any uninsured motorist benefits to the defendant Thomas A. Ridder, Jr. under either the personal policy of insurance issued to Thomas A. Ridder, Jr., or the commercial policy of insurance issued to Thomas A. Ridder, Jr., d/b/a Thomson Construction in connection with injuries sustained in the May 28, 1998 motor vehicle accident.