**Roger LIND,**

v.

**JONES, LANG LaSALLE AMERICAS, INC.**

No. 99–CV–6204.

United States District Court, E.D. Pennsylvania.

March 26, 2001.

---

Joseph A. Ryan, Theodore F. Claypoole, Ryan, Emory & Ryan, LLP, Paoli, PA, for Plaintiff.

Michael S. Blume, Dechert, Price & Rhoads, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion for summary judgment which is now before the Court, Defendant, Jones, Lang LaSalle Americas, seeks the entry of judgment in its favor as a matter of law as to the only remaining count of Plaintiff's complaint. For the reasons which follow, the motion shall be granted.

### Background

According to the allegations contained in the complaint, Roger Lind was employed as a successful leasing agent in the commercial real estate business from 1981 until his termination from the defendant's employ in August, 1999. Prior to accepting an offer of employment in early May, 1998 from the defendant's predecessor-in-interest, Compass Leasing, Plaintiff was employed by the Binswanger Group earning approximately $250,000 per year on a commission basis. Although Compass' initially offered to pay Plaintiff a salary plus a discretionary bonus, this offer was rejected and Compass eventually offered to pay Plaintiff a salary plus commission for his landlord representation on two large office buildings in Philadelphia.

Plaintiff generally found this offer to be acceptable given his belief that it offered him the potential to make more money than he was currently earning. Prior to accepting it, however, he asked Compass about its rumored merger discussions with other real estate companies, as he was concerned that his job at Compass would not be secure should it be bought out by another company. Based upon the company's representations that *it* would be the surviving entity in the event of a merger, Plaintiff accepted the position of leasing manager of Compass' Philadelphia office, resigned his position with Binswanger and began working for Compass in June, 1998.

Two months later, Defendant publicly announced that it would be acquiring Compass. In September, 1998, Plaintiff received a letter from the defendant outlining that the means by which he would thereafter be compensated was being

changed to a salary plus "target" bonus and that his title was being changed from leasing manager to leasing "specialist." He was eventually terminated in August, 1999 for apparently no reason. His earnings for 1999 from the defendant equaled approximately $109,000.

On December 6, 1999, Mr. Lind commenced this action against Defendant seeking monetary damages in excess of $75,000 for allegedly defaming him and for fraudulently inducing him to leave his former position at Binswanger and enter Compass' employ. Plaintiff has since indicated that he is no longer pursuing his defamation claim and Defendant therefore now moves for summary judgment only as to Count I of the complaint. Jurisdiction in this action is premised upon the diverse citizenship of the parties and hence Pennsylvania state law applies to Plaintiff's fraud claim. *See: Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### Standards For Summary Judgment Motions

The standards to be applied by the district courts in ruling on motions for summary judgment are set forth in Fed. R.Civ.P. 56. Under subsection (c) of that rule,

> .... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Pursuant to this rule, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287 (D.C.Cir. 1988), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Aries Realty, Inc. v. AGS Columbia Associates,* 751 F.Supp. 444 (S.D.N.Y.1990). A motion for summary judgment is therefore appropriate only when there is no genuine issue of material fact, and one party is entitled to judgment as a matter of law. *Williams v. Borough of West Chester,* 891 F.2d 458, 463–64 (3d Cir.1989).

Generally, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In a motion for summary judgment, the court may examine evidence beyond the pleadings. *Carbone v. General Accident Insurance Co.,* 937 F.Supp. 413, 416 (E.D.Pa.1996). The court must always consider the evidence, and the inferences from it, in the light most favorable to the non-moving party. *Id.,* citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Tigg v. Dow Corning Corp.,* 822 F.2d 358, 361 (3rd Cir.1987); *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the

non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

Where, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be · entered against [it]." Fed.R.Civ.P. 56(e). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and it cannot rely on unsupported assertions, conclusory allegations, or mere suspicions or beliefs in attempting to survive such a motion. *Tziatzios v. U.S.*, 164 F.R.D. 410, 411, 412 (E.D.Pa.1996) citing *Celotex v. Catrett, supra*, 477 U.S. at 325, 106 S.Ct. at 2553–54, *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

### *Discussion*

 In Count I of his complaint, Plaintiff seeks monetary relief for the damages which he sustained as the result of allegedly having been "fraudulently induced" to leave his employment with Binswanger and join Compass Management and Leasing, Inc.[1]

 Fraud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 464 A.2d 1243, 1251 (1983). As a general rule, to prove fraud or intentional misrepresentation, a plaintiff must demonstrate: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, · with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation and (6) the resulting injury was proximately caused by the reliance. *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994); *Gruenwald v. Advanced Computer Applications*, 730 A.2d 1004, 1014 (Pa.Super.1999). *See Also: Bortz v. Noon*, 556 Pa. 489, 500–501, 729 A.2d 555, 561 (1999).[2]

 A misrepresentation is "material" when it is of such a character that if it had not been made, the transaction would not have been entered into. *Delahanty*, 464 A.2d at 1252. A recipient of a fraudulent misrepresentation of intention is justified in relying upon it if the existence of the intention is material and the recipient

---

**1.** When a contract is induced by fraud, the injured party has a choice of alternate remedies: he may either rescind the contract or affirm it and maintain an action in deceit for damages. *Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage Investments*, 951 F.2d 1399, 1408 (3rd Cir.1991), citing, *inter alia, Associated Hardware Supply Co. v. Big Wheel Distributing Co.*, 355 F.2d 114, 120 (3d Cir.1965); *Nadolny v. Scoratow*, .412 Pa. 488, 195 A.2d 87, 89 n. 4 (Pa.1963); *National Bldg. Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 381 A.2d 963, 966 (Pa.Super.1977). *See Also: Keystone Helicopter v. Textron*, 1999 WL 305517, 1999 U.S. Dist. LEXIS 7065 (E.D.Pa.

1999). It is the latter remedy which the plaintiff has evidently chosen to pursue here.

**2.** It should be noted that the elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words. Like any action in negligence, there must be a duty owed by one party to another. *Bortz v. Noon, supra.*

has reason to believe that it will be carried out. *Restatement (Second) of Torts,* § 544. In determining whether reliance is reasonable, the degree of sophistication of the parties and the history, if any, behind the negotiation process are relevant factors. *Mellon Bank,* 951 F.2d at 1411–1412; *Greenberg v. Tomlin,* 816 F.Supp. 1039, 1056 (E.D.Pa.1993), *aff'd* 26 F.3d 121 (3rd Cir.1994).

The tort of intentional non-disclosure is similar and has the same elements as fraud, except that in the case of intentional non-disclosure, the party intentionally conceals a material fact rather than making an affirmative misrepresentation. *GMH Associates, Inc. v. The Prudential Realty Group,* 752 A.2d 889, 901–902 (Pa.Super.2000).

Fraudulent misrepresentation must be proved by clear and convincing evidence as opposed to the lower preponderance of the evidence standard. *Snell v. Commonwealth, State Examining Board,* 490 Pa. 277, 281, 416 A.2d 468, 470 (1980); *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.,* 72 F.Supp.2d 547, 551 (W.D.Pa.1999). Pennsylvania law requires the trial judge to decide as a matter of law before he submits a case to the jury whether plaintiffs' evidence attempting to prove fraud is sufficiently clear, precise, and convincing to make out a prima facie case. *Northeastern Power Co. v. Balcke–Durr, Inc.,* 49 F.Supp.2d 783 (1999), citing *Mellon Bank v. First Union Real Estate Equity & Mortgage Investments,* 951 F.2d 1399, 1409 (3d Cir.1991) (quoting *Beardshall v. Minuteman Press Int'l, Inc.,* 664 F.2d 23, 26 (3d Cir.1981)). Thus, clear and convincing evidence of fraud must exist. *See:*

*Tunis Brothers Co., Inc. v. Ford Motor Co.,* 952 F.2d 715, 731 (3d Cir.1991).

Finally, it should be noted that a mere breach of good faith, or a broken promise to do or refrain from doing something in the future is not fraud, although a statement of present intention which is false when uttered may constitute a fraudulent misrepresentation of fact. *Mellon Bank,* 951 F.2d at 1409 (quoting *Brentwater Homes, Inc. v. Weibley,* 471 Pa. 17, 23, 369 A.2d 1172, 1175 (1977)); *International Poultry Processors v. Wampler Foods, Inc.,* 1999 WL 213369, 1999 U.S. Dist. LEXIS 7025 (E.D.Pa.1999). In evaluating a motion for summary judgment on a fraud claim, it is therefore necessary to examine both what was stated and the state of knowledge of the agent who made the statement. *Berda v. CBS, Inc.,* 800 F.Supp. 1272, 1276 (W.D.Pa.1992).

In applying the preceding principles to the case at hand, we must conclude that the plaintiff's evidence is insufficient to establish a prima face case of fraud, or to establish a claim for negligent misrepresentation or intentional non-disclosure.[3] To be sure, the only evidence which Plaintiff has adduced consists of his own deposition testimony that while interviewing for the leasing manager position, he discussed the possibility of Compass merging with another company with Debra Stracke–Anderson, Compass' Vice President of Leasing and Marketing and that she advised him that since it was Compass that was looking to acquire other companies, it would be the surviving entity in the event of a merger. (See Appendix to Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibit 1, pp. 85–97). Although Plaintiff requested that Stracke–Anderson include language in his employ-

---

**3.** There is nothing in this record to suggest that Defendant owed any duty to the Plaintiff

as is required to maintain a cause of action for negligent misrepresentation.

ment letter to memorialize her representations, she refused because the merger discussions were confidential.[4] (Exhibit 1, 103–105). Plaintiff has no recollection of discussing the possibility of a merger with anyone else at Compass prior to beginning work there nor is there any evidence on this record to suggest that he did. (Exhibit 1, 85–89, 105; Appendix to Defendant's Motion for Summary Judgment, Exhibit "C," 74–75).

Moreover, while Defendant began conducting its due diligence on Compass' financials and sent out "stay pay" letters informing Compass' top management of a possible merger in late April, 1998, the merger was not publicly announced to other employees or to the public until several months later[5] when a broadcast e-mail was disseminated to all Compass employees. (See, Exhibits 3, pp. 66–69; 5–8, 10, to Plaintiff's Appendix to Response to Defendant's Motion for Summary Judgment). There is no evidence that Ms. Stracke–Anderson received a "stay-pay" letter and there is nothing to contradict her deposition testimony that she did not learn that Compass was being acquired by Jones Lang LaSalle until she received this broadcast e-mail. (Exhibit "C" to Defendant's Appendix to Motion for Summary Judgment, pp. 66–69). Prior to that, the only information she had and the only rumors she heard concerned companies which Compass might be acquiring. (Exhibit "C", 71). There is thus no evidence to suggest that at the time Stracke–Anderson told Plaintiff that Compass would survive a merger that she knew or should have known that representation to be false, that she intentionally concealed the proposed merger or that she made this representation with the intention of inducing Plaintiff to rely on it.[6]

What's more, we cannot find Plaintiff's reliance on Ms. Stracke–Anderson's statement to have been reasonable. Indeed, the record reflects that Plaintiff is a sophisticated and experienced businessman whose job for the nearly nineteen years preceding his termination involved negotiating large, commercial leases. As the record further clearly reflects, the plaintiff had also had previous experience in negotiating numerous employment opportunities for himself and was very familiar with the commercial leasing industry and the players in the Philadelphia marketplace, having been previously employed by Cushman and Wakefield, Grubb and Ellis and Binswanger and having turned down a similar job offer from Compass some one year

---

4. Ms. Stracke–Anderson does not recall making these statements to Mr. Lind. (See, Exhibit "C" to Defendant's Appendix to Motion for Summary Judgment). As this is a motion for summary judgment, however, we accept the Plaintiff's version of events as true.

5. It appears that the news of the potential merger was first released on or about June 17, 1998. (See, e.g., Exhibit "F" to Appendix to Defendant's Motion for Summary Judgment).

6. Although knowledge possessed by employees is aggregated so that a corporate defendant is considered to have acquired the collective knowledge of its employees, *United States v. LBS Bank*, 757 F.Supp. 496, 501, n. 7 (E.D.Pa.1990), citing *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1386–87 (9th Cir.1986), cert. denied, 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987), *United States v. T.I.M.E.D.C., Inc.*, 381 F.Supp. 730, 738–41 (W.D.Va.1974), specific intent cannot be aggregated similarly. *See Also: First Equity Corp. v. Standard & Poor's Corp.*, 690 F.Supp. 256, 260 (S.D.N.Y.1988) ("A corporation can be held to have a particular state of mind only when that state of mind is possessed by a single individual"). Accordingly, in the absence of any evidence that Plaintiff relied upon the statements of any other Compass agent or employee, we look to his discussions with Ms. Stracke–Anderson in resolving this summary judgment motion.

earlier. As he testified, Mr. Lind endeavored to have Ms. Stracke–Anderson memorialize that Compass would survive a merger in his employment offer letter but she refused, ostensibly on the grounds of confidentiality. Despite the breadth of Plaintiff's experience in negotiating contracts and his apparent knowledge that merger or acquisition was at least a possibility, Plaintiff nevertheless elected to accept Defendant's offer without confirming Compass' merger status in writing. In view of these facts, we cannot find that Plaintiff's reliance upon Ms. Stracke–Anderson's alleged oral statement was reasonable.

It is for all of the foregoing reasons that this Court simply cannot find that sufficient evidence exists to support Plaintiff's claim that Defendant fraudulently induced him to leave his position at Binswanger and join its predecessor-in-interest. Defendant's motion for summary judgment shall therefore be granted in accordance with the attached order.

### ORDER

AND NOW, this day of March, 2001, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED and Judgment as a matter of law is entered in favor of the Defendant and against the Plaintiff in no amount.