

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Nationwide Mutl Fire v. Quinn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nationwide Mutl Fire v. Quinn" (2005). *2005 Decisions.* Paper 1060.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1060

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2320
_____

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Appellee

v.

MICHAEL P. QUINN,
Esquire as Administrator of the Estate of Howard Plotnick, Deceased,
Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 03-cv-2239)
District Judge: Honorable Thomas N. O'Neill, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 27, 2005
_____

Before: SCIRICA, <u>Chief</u> <u>Judge,</u> ALITO and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: June 7, 2005)
_____

OPINION
_____

Garth, <u>Circuit</u> <u>Judge</u>:

Nationwide Mutual Fire Insurance Company ("Nationwide") filed suit in the United States District Court for the Eastern District of Pennsylvania for a declaratory judgment, seeking to determine its obligation, if any, to pay uninsured motorist benefits to the Estate of Howard Plotnick, deceased, under his business auto policy. The District Court entered summary judgment in favor of Nationwide, holding that the policy's "household exclusion" clause precludes coverage. We will affirm.

I.

Because we write only for the benefit of the parties, we will recount only those matters essential to our limited discussion. In May 1979, Nationwide issued Howard Plotnick, the decedent, a business auto policy that provided uninsured motorist coverage with a benefit limit of $300,000.[1] The Nationwide policy provided coverage for two business vehicles owned and operated by Mr. Plotnick: a 1985 Ford Van and a 1982 Ford Van. At the time in question, there also existed, in full force and effect, a separate policy of insurance issued by Allstate Insurance Company ("Allstate") to Howard Plotnick,

---

[1] The Uninsured Motorist Coverage endorsement, appended to the policy issued by Nationwide, provided, in pertinent part:

> We will pay all sums, an "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owners or driver's liability for these damages must result from the ownership, maintenance or use of an "uninsured motor vehicle."

Complaint ¶ 14 (citing Pennsylvania Uninsured Motorist Coverage-Stacked).

2

individually, providing coverage to a third personal vehicle – a 1988 Honda Accord. The Allstate policy provided $100,000 in stacked uninsured motorist benefits.

On February 17, 2002, while driving his 1988 Honda Accord, Howard Plotnick suffered fatal injuries in an accident with an uninsured vehicle. Soon thereafter, the Estate of Howard Plotnick made a claim upon Allstate for recovery of uninsured motorist benefits. Following receipt of the claim, Allstate tendered and paid the $100,000 limit of uninsured motorist coverage to the Estate of Howard Plotnick. In addition, Michael P. Quinn, Esq., the duly appointed Administrator of the Estate of Howard Plotnick and the Appellant in this matter, filed a Notice of Claim upon Nationwide for recovery of additional uninsured motorist benefits under the aforesaid business auto policy. The Estate essentially claimed that, although Mr. Plotnick was operating a vehicle not listed on the business auto policy, he was nonetheless acting in the course and scope of his business at the time of the accident, thus triggering coverage under the business auto policy.

Nationwide denied the claim for benefits, contending, *inter alia*, that the business auto policy contained a "household exclusion" clause which under the facts barred any recovery of uninsured motorist benefits. That clause provided, in pertinent part:

C.     Exclusions

This insurance does not apply to any of the following:

4.     "Bodily injury" sustained by:

a. You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for uninsured motorist coverage under this coverage form.

As noted, Plotnick's Honda was not a covered vehicle under the Nationwide policy.

Nationwide then instituted the present action for declaratory and injunctive relief, specifically seeking judgment that there is no coverage under its policy. Upon cross-motions for summary judgment, the District Court entered judgment in favor of Nationwide, finding that the "household exclusion" provision is valid and enforceable and thus preclusive of coverage. This timely appeal followed.

## II.

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment. *Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 806 n.3 (3d Cir. 2003) (citing *Omnipoint Communications Enters., L.P. v. Newtown Township*, 219 F.3d 240, 242 (3d Cir. 2000)). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir. 1993).

This appeal requires us determine, not for the first time, whether a "household exclusion" clause in an automobile insurance policy is void, as the Estate claims, as contrary to Pennsylvania public policy, which is embodied in the Commonwealth's Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701-1799.7.[2] We have previously traced the development of Pennsylvania law on this question, culminating in the Pennsylvania Supreme Court's decision in *Prudential Property and Cas. Ins. Co. v. Colbert,* 572 Pa. 82 (2002). *See Riley*, 352 F.3d at 807-10. We therefore find it unnecessary to do so here, except to note that the public policy behind the MVFRL is to control the rising costs of insurance. *See Colbert*, 572 Pa. at 94.

Under the test set out by the Pennsylvania Supreme Court in *Colbert*, the critical inquiry focuses on whether the insured, absent the exclusion, would receive benefits far in excess of the amount of paid coverage, which would result if the insurer were required to underwrite unknown risks. *Id.* While we recognize that the validity of an insurance exclusion clause is dependent upon the precise factual circumstances presented in each case, *see id.* at 90-91, we find nothing in the facts of this case to support the conclusion that the exclusion provision is invalid. The only possible distinction between this case and *Colbert* is that Mr. Plotnick, the decedent, owned both relevant insurance policies, *i.e.*, Allstate's and Nationwide's. In *Colbert*, by contrast, the claimant sought to recover

---

[2] Both parties agree that Pennsylvania law governs this action.

additional uninsured motorist benefits under his parents' insurance policy.  *Id.* at 93-94.

As we discuss below, however, this factual distinction does not compel a different result.

Mr. Plotnick did not pay Nationwide to insure his personal vehicle.  As such, the "household exclusion" clause, which is clear and unambiguous, excluded that vehicle from coverage under the business auto policy.  There is no indication in the record that Nationwide had knowledge that Mr. Plotnick utilized the 1988 Honda Accord for business purposes.  To void the exclusion clause here, then, would compel Nationwide to "underwrite unknown risks that the insured[] neither disclosed nor paid to insure."  *Id.* at 94.

Perhaps more importantly, Mr. Plotnick purchased uninsured coverage from Allstate for the 1988 Honda Accord, the vehicle involved in the fatal accident, and his Estate received the maximum amount of uninsured benefits under that policy.  Under these facts, absent the exclusion, Mr. Plotnick would receive "gratis coverage or, more accurately, *double coverage*."  *Id.*  As the Pennsylvania Supreme Court explained in *Colbert*, "voiding the [household exclusion clause] would empower insureds to collect [uninsured motorist benefits] *multiplied by the number of insurance policies on which they could qualify as an insured*, even though they only paid for [uninsured] coverage on one policy."  *Id.*  The Pennsylvania Supreme Court consistently has rejected this result as contrary to the public policy embedded in the MVFRL.  *Id.*; *Burstein v. Prudential Property and Casualty Insurance Co.,* 570 Pa. 177 (2002)*; Eichelman v. Nationwide Ins.*

6

*Co.*, 551 Pa. 558 (1998); *Paylor v. The Hartford Ins. Co.*, 536 Pa. 583 (1994); *Windrim v. Nationwide Ins. Co.*, 537 Pa. 129 (1994); *see also Riley*, 352 F.3d at 808- 09 ("In subsequent cases, the so-called general rule has morphed into the minority rule, as most exclusion clauses have been deemed valid."); *Nationwide Mut. Ins. Co. v. Ridder*, 105 F. Supp.2d 434, 436 (E.D. Pa. 2000) ("While the Pennsylvania Supreme Court has held that the enforceability of the exclusion is dependent upon the factual circumstances presented in each case, it has been upheld in nearly all of the cases in which it has been considered.").[3] We, too, decline to countenance such a result.

We therefore hold that the "household exclusion" clause in the Nationwide policy is consistent with the underlying public policy of the MVFRL and is not void. Accordingly, we will affirm the judgment of the District Court.[4]

---

[3] Appellant relies, almost exclusively, on *Lastooka v. Aetna Ins. Co.*, 380 Pa. Super. 408 (Pa. Super. Ct. 1988), for the general proposition that uninsured motorist coverage is transitory in nature. The Pennsylvania Superior Court there held that uninsured motorist coverage existed despite the fact that the decedent was not occupying a "covered auto" at the time of the accident. *Id.* at 410. In so holding, the court noted that the policy did not require a named insured to have operated a "covered auto" in order to qualify for uninsured motorist benefits. *Id.* at 411. In stark contrast to this case, however, *Lastooka* did not involve an exclusionary clause – the very basis upon which Nationwide denied coverage. As such, Appellant's reliance thereon is unavailing.

[4] We acknowledge that Appellant raises several additional issues on appeal, at least one of which has clearly been waived. Appellant argues that the "Individual Named Insured" endorsement constitutes a legal basis for voiding the "household exclusion" clause. Appellant, however, admits that this argument was not raised before the District Court. Because we find no exceptional circumstances here warranting the review of this issue for the first time on appeal, it has been waived. *See Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Appellant's remaining contentions, to the extent they have not been waived, simply correspond to the alternative grounds upon which Nationwide denied the claim for uninsured

motorist benefits. Whatever the merits of such contentions, the "household exclusion" clause, which the District Court found to be dispositive here, constituted a sufficient and independent justification for the denial of coverage.  Because we also conclude that the "household exclusion" is valid and enforceable, we find it unnecessary to discuss these matters further.