

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2005

# Nationwide Mutl Ins v. Dunn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3032

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Nationwide Mutl Ins v. Dunn" (2005). *2005 Decisions.* Paper 453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3032
_____

NATIONWIDE MUTUAL INSURANCE COMPANY


v.

ALBERTA M. DUNN and PAUL E. DUNN,
                                        Appellants
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(Civ. A. No. 02-1774)
District Judge: Honorable William L. Standish
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2005
_____

Before: RENDELL, FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:   October 4, 2005)
_____

OPINION
_____

Garth, <u>Circuit</u> <u>Judge</u>:

Nationwide Mutual Insurance Company ("Nationwide") filed suit in the United States District Court for the Western District of Pennsylvania for a declaratory judgment, seeking to determine its obligation, if any, to pay underinsured motorist benefits to Paul Dunn under a personal auto policy in the name of his wife, Alberta Dunn. The District Court entered summary judgment in favor of Nationwide, holding that the policy's "household exclusion" clause did not violate public policy, and therefore Nationwide properly refused to provide coverage. We will affirm.

## I.

Because we write solely for the benefit of the parties, we will only briefly recount the relevant facts herein. On March 16, 1998, while the Dunns were passengers in a vehicle owned and operated by their daughter, Kelly Dunn, the car was struck by a vehicle operated by Debra Lee Solarczyk. Mr. Dunn sustained bodily injuries in the accident.

The vehicle operated by Ms. Solarczyk was insured under a policy issued by Travelers Property and Casualty Insurance Company ("Travelers"). Travelers paid the Dunns and their daughter the maximum liability coverage under the policy to resolve their claims against Ms. Solarczyk.

Thereafter, Mr. Dunn sought, and received, the limits of the underinsured motorist coverage provided by Erie Insurance Group pursuant to a policy of automobile insurance issued to Kelly Dunn.

Mr. Dunn then presented a claim for underinsured motorist benefits to Nationwide pursuant to a personal auto policy issued to Mrs. Dunn for their car, a 1997 Buick Century. That policy was in full force and effect as of the date of the accident.

Nationwide denied the claim for benefits based on a "household exclusion" clause contained in the underinsured motorist coverage endorsement. That clause provided, in pertinent part:

COVERAGE EXCLUSIONS

This coverage does not apply to:

* * *

6. Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists Coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. [1]

Nationwide then instituted the present action for declaratory relief, seeking judgment that there was no coverage under its policy. In furtherance of its claim, Nationwide filed a motion for summary judgment on the ground that it was not obligated to pay benefits owing to the "household exclusion" provision. The Dunns cross-moved for summary judgment. The District Court entered judgment in favor of Nationwide, finding that the "household exclusion" provision was valid and enforceable and thus preclusive of coverage. This timely appeal followed.

II.

---

[1] It is undisputed that Mr. Dunn was injured while a passenger in a car owned by a relative, his daughter Kelly, and that her vehicle was not insured under the Nationwide policy.

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment. *Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 806 n.3 (3d Cir. 2003) (citing *Omnipoint Communications Enters., L.P. v. Newtown Township*, 219 F.3d 240, 242 (3d Cir. 2000)). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir. 1993).

III.

The Dunns' singular contention on appeal is that enforcement of the "household exclusion" clause contained in their Nationwide policy violates Pennsylvania public policy, as it is embodied in the Commonwealth's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701-1799.7.[2] They support their position principally by arguing that their case is factually distinguishable from the numerous state and federal cases that have upheld similar clauses because: (1) as policyholders, they actually paid premiums for underinsured motorists coverage under the Nationwide policy and (2) they did not own other vehicles not insured on the policy from which the underinsured benefits were sought.

---

[2]    Both parties agree that Pennsylvania law governs this action.

We have previously traced the development of Pennsylvania law on this question, culminating in the Pennsylvania Supreme Court's decision in *Prudential Property and Cas. Ins. Co. v. Colbert,* 572 Pa. 82 (2002). *See Riley*, 352 F.3d at 807-10. We therefore find it unnecessary to do so here, except to note that the public policy behind the MVFRL is to control the rising costs of insurance. *See Colbert*, 572 Pa. at 94.

As an initial matter, the Dunns assertion that their case is factually distinct from prior cases is incorrect. Indeed, several decisions finding no public policy violation have involved situations where the insured actually paid for the coverage sought, just as in this case. *See, e.g., Burstein v. Prudential Prop. & Cas. Ins. Co.*, 570 Pa. 177 (2002); *Old Guard Ins. Co. v. Houck*, 801 A.2d 559 (Pa. Super. 2002); *Nationwide Mut. Ins. Co. v. Ridder*, 105 F.Supp.2d 434 (E.D.Pa.2000). Furthermore, even if we were to find that the Dunns' case is factually dissimilar and so not bound by precedent, we would still conclude that enforcement of the "household exclusion" in this case is not violative of public policy.

The standard set by the Pennsylvania courts for determining whether a contract provision violates public policy is very high:

> It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in [declaring what is or is not in accord with public policy].

> *Paylor v. Hartford Ins. Co.*, 536 Pa. 583, 587 (1994) (quoting *Mamlin v. Genoe*, 340 Pa. 320, 325 (1941). Public policy is to "be ascertained by reference to the laws and

legal precedents and not from general considerations of supposed public interest." *Id*. at 586-87 (quoting *Guardian Life Ins. Co. of America v. Zerance*, 505 Pa. 345, 354 (1984).

While the Pennsylvania Supreme Court has held that the enforceability of "household exclusions" is dependent on the facts surrounding each case, courts have routinely upheld them in the face of public policy challenges. *See, e.g., Paylor,* 536 Pa. at 595; *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558, 567-68 (1998); *see also Ridder*, 105 F.Supp.2d at 438; *Ridley ex rel. Ridley v. State Farm Mut. Auto. Ins. Co.*, 745 A.2d 7, 14 (Pa. Super. Ct. 1999). Those cases compel the conclusion that there is no unanimity of opinion that "household exclusions" violate public policy.

Furthermore, the Dunns do not persuade this Court that the exclusion is so obviously contrary to the public health, safety, morals or welfare of the people to warrant voiding the contract. Specifically, we are not convinced that the policy identified by the Dunns, that of "protecting innocent victims of accidents" is obviously violated by upholding the "household exclusion."

Finally, the District Court correctly concluded that upholding the "household exclusion" in this case furthers the legislative intent behind the MVFRL, *i.e.*, containing the spiraling costs of automobile insurance in Pennsylvania. Taking as true the Dunns' claim that Mr. Dunn is seeking underinsured motorist benefits from his own policy for which he paid a premium, that premium was paid to provide coverage for a specific vehicle (a 1997 Buick Century) to the exclusion of other vehicles driven by relatives but not insured under the Nationwide policy. "[I]t was for this coverage that Nationwide and the defendant contracted. To require Nationwide to pay un[der]insured motorist benefits

on its polic[y] would be to effectively require it to underwrite a risk of which it likely had no knowledge and for which it neither contracted nor was paid." *Ridder*, 105 F. Supp.2d at 436. We, too, decline to countenance such a result.

We therefore hold that the "household exclusion" clause in the Nationwide policy is consistent with the underlying public policy of the MVFRL and is not void. Accordingly, we will affirm the judgment of the District Court.