

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2006

# Yurchak v. Atkinson & Mullen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Yurchak v. Atkinson & Mullen" (2006). *2006 Decisions.* Paper 280.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/280

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2584
_____

GALE YURCHAK;
PATRICK YURCHAK, her husband

v.

ATKINSON & MULLEN TRAVEL, INC.,
d/b/a APPLE VACATIONS, INC.;
**APPLE VACATIONS, INC.;
*KRETZLER ENTERPRISES, INC.,
d/b/a TRAVEL CONNECTIONS


Gale Yurchak;
Patrick Yurchak,

Appellants

*(Amended in accordance with the Clerk's order dated 6/30/05)
**(Amended in accordance with the Clerk's order dated 7/7/05)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-01203)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before:  SMITH, FISHER and COWEN, *Circuit Judges*.

(Filed:  October 30, 2006)
_____

FISHER, *Circuit Judge*.

Gale and Patrick Yurchak ("Yurchaks") appeal an order of the District Court dismissing their personal injury claims against Apple Travel, Kent Kretzler, and Travel Connections ("Appellees"). The Yurchaks argue that their travel agents had a duty to warn them of the dangers associated with jet skiing in Mexico. For the reasons discussed below, we will affirm the ruling of the District Court.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. The Yurchaks filed a complaint in admiralty seeking damages for personal injury to Mrs. Yurchak as a result of a jet skiing accident that took place in the Gulf of Mexico on February 8, 2003.

The Yurchaks allege that in December 2002, they received an advertisement from the Appellees soliciting them to purchase a vacation package. The advertisement included a picture of a jet ski in use. Before purchasing the package, the Yurchaks asked about their safety while vacationing in Mexico, but they were given no warnings by the Appellees beyond a general assurance that travel to the country was safe. They were not told of a Consular Information Sheet from the United States Department of State that included a warning about jet skiing in Mexico.

The transaction resulted in the Yurchaks purchasing a vacation package from the Appellees that included air travel to Cancun, lodging, meals, and non-motorized activities at the hotel. According to the Yurchaks, the Appellees' representatives at the hotel recommended they engage in recreational activities, and a kiosk at the hotel enticed them to rent a jet ski. On February 8, 2003, Mrs. Yurchak fell off her jet ski in the navigable waters off the coast of Cancun and was run over by another jet ski. As a result, she suffered a broken left arm and cuts and bruises on her body.

Following the incident, the Yurchaks filed a complaint against the Appellees asserting five claims: (1) negligence and negligent misrepresentation, (2) fraudulent misrepresentation, (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq., (4) negligent infliction of emotional distress, and (5) loss of consortium. Based on the recommendations of the Magistrate Judge, the District Court dismissed the entire complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Yurchaks now argue that the District Court erred in dismissing their claims for negligence and negligent misrepresentation, fraudulent misrepresentation, and their claim under the UTPCPL.[1] They reassert their arguments from below, including their claim that the Appellees owed them a duty that was not limited by contract and that was sufficiently

---

[1]Although the Yurchaks only raise arguments regarding these claims, we agree with the District Court regarding the dismissal of the remaining claims as well for the reasons advanced in the Magistrate Judge's Report.

pled to survive a motion to dismiss. They also argue that the District Court violated the law of the case doctrine, and that it erred by considering their contracts with the Appellees when ruling on a motion to dismiss.

**II.**

In this case, we exercise admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). When considering whether a 12(b)(6) motion to dismiss was properly granted, we will accept as true all factual allegations in the complaint. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). However, we need not accept "bald assertions" or "legal conclusions." *Id.* at 351. On this evidence, "[a] Rule 12(b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Id.* (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)).

Having considered the arguments of the parties, we agree with the reasoning of the District Court that no relief could be granted on the facts alleged here. While a travel agent may have a duty to warn in some situations, the facts alleged by the Yurchaks provide no basis for recovery. Negligence requires that a defendant owe a duty to the plaintiff. *See Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). No such duty exists here because, unlike the cases the Yurchaks rely on, the Appellees did not book the Yurchak's jet skiing excursion nor did they own or control Aquaworld, the company in Mexico that actually provided the jet skis. *See Tucker v. Whitaker Travel*, 620 F. Supp. 578, 586 (E.D. Pa. 1985) (finding that a travel agent had no duty to warn of dangers associated

4

with horseback riding when it did not own or control the stables, notwithstanding the fact that the stables had been listed in its brochure), *aff'd*, 800 F.2d 1140 (3d Cir. 1986). Both Appellees also had contracts disclaiming liability for the negligent acts of third parties beyond their control.

The Yurchaks' claims for misrepresentation – both negligent and fraudulent – are similarly faulty. Among other things, those claims require "(1) [a] representation; (2) which is material to the transaction at hand." *Bortz*, 729 A.2d at 560-61. Even assuming that the Appellees' general assurances of safety in Mexico could have been understood as an assurance that jet skiing there would be safe, such a statement would not have been material to the transaction between these parties. The rental and use of a jet ski was not part of the vacation package the Yurchaks purchased from the Appellees, and they do not claim that they understood otherwise. Thus, it is not tenable based on the alleged facts that their decision to purchase the vacation package from the Appellees turned on whether or not they believed it would be safe to jet ski on their vacation. *See Lind v. Jones, Lang Lasalle Americas, Inc.*, 135 F. Supp. 2d 616, 620 (E.D. Pa. 2001).

Next, the Yurchaks complain that the District Court improperly dismissed their claim under Pennsylvania's UTPCPL. Their complaint references two provisions of the statute: subsection (v), which prevents a defendant from representing that its services have a characteristic that they do not in fact have; and the catchall provision in subsection (xxi) that prohibits "engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §§ 201-2(4)(v), (xxi). The Yurchaks'

5

claim under subsection (v) fails because the vacation package they purchased clearly did not include jet skiing as a component. As to the catchall provision, the Yurchaks' claim also fails because, as discussed above, any representation concerning jet skiing would not have been material to the transaction at hand. Thus, there was no fraudulent behavior on which to base a UTPCPL claim. *See Hammer v. Nikol*, 659 A.2d 617, 619-20 (Pa. Commw. Ct. 1995) ("[T]o recover under the catchall provision, the elements of common law fraud must be proven.").

Finally, the Yurchaks raise two procedural objections. First, they argue that the District Court violated the law of the case doctrine when the Magistrate changed his view from the first Report and Recommendations to the second. However, the first Report was never actually adopted by the Court and thus the law of the case doctrine does not apply. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Second, they claim that the District Court improperly considered the contracts the Yurchaks entered into with the Appellees. We have held, however, that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

6